UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HISTORY DEPARTMENT & CO,<br><br>                Plaintiff,<br><br>    v.<br><br>JESSE MERTZ and Jane Doe Mertz and the martial community composed thereof, d/b/a Falling Formulations,<br><br>                Defendants. | Case No. C20-5608 MLP<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's motion for an order authorizing service by alternate means. (Mot. (Dkt. # 5).) Having considered Plaintiff's motion, the supporting declarations, and the balance of the record, the Court recommends Plaintiff's motion be GRANTED, in part, and DENIED, in part, as explained below.

## II.    BACKGROUND

Plaintiff filed its complaint against Defendants for breach of contract, false representations, and violation of the Consumer Protection Act on June 24, 2020. (Compl. (Dkt. # 1).) According to the complaint, Plaintiff entered into a contract for the production of certain machines with Defendants Jesse and Jane Doe Mertz, who are a marital community and do

ORDER - 1

business as Falling Formations. (*Id.* at ¶¶ 1.2, 3.1.) The machines were to be made in the United States and were represented to be made in the United States. (*Id.*) Plaintiff wired the sum of $50,375.00 to Defendants' bank account as payment in full for the machines. (*Id.* at ¶ 3.2.) Plaintiff asserts the machines were in fact made in China despite being marketed as "Made in America." (*Id.* at ¶ 3.4.) Plaintiff was under contract to sell the machines to a third party, however, because of the alleged misrepresentations and breach of contract, Plaintiff had to purchase replacement machinery from another supplier. (*Id.* at ¶ 3.5.)

Since the filing of the complaint in June 2020, Plaintiff has been unsuccessful in completing service of process on Defendants. (Mot. at 2.) Plaintiff asserts it did business with Defendants exclusively via the internet, phone, email, and text messages, including wiring the money for the machines. (Mot. at 3; Keenan Decl. (Dkt. # 6) at ¶ 2.) Plaintiff asserts Defendants have no specific physical place to be served, however, Plaintiff did attempt to serve Defendants at their last known address that is listed on Falling Formations' invoices: 8604 Marie St. SE, Olympia, Washington 98501-9619 (the "Olympia Address"). (Mot. at 2-3.)

Prior to arranging for process of service, Plaintiff searched the Secretary of State corporation records for Falling Formulations and learned it was formed on April 8, 2020. (Bainter Decl. (Dkt. # 7) at ¶¶ 1-2.) The Olympia Address is listed as both the street address and mailing address on the Certificate of Formation, and the email address for the business is listed as jesse@fallingformulations.com, which is the email address Plaintiff proposes to use for service in the instant motion. (*Id.*, Ex. A.) Plaintiff also conducted an internet search using the Olympia Address and Defendant Jesse Mertz's name and found he was listed as the owner of undeveloped land in Rochester, Washington. (Keenan Decl. at ¶ 5, Ex. B.) The Thurston County

Assessor's records lists the owner and taxpayer of that property as Defendant Jesse Mertz and lists his address as the Olympia Address. (*Id.*)

ABC Legal Services attempted to serve Defendants at the Olympia Address on July 1, 2020 and July 3, 2020, however, the attempts were unsuccessful because the property is surrounded by a locked, gated fence with no access to the property. (Decl. of Non-Service (Dkt. # 8).) According to the declaration of non-service, the names on the call/mailbox at this address are Alice and Rob Lester, not Defendants. (*Id.*) Plaintiff also mailed a letter, two copies of the Summons and Complaint, four copies of waivers of service of Summons, and a self-addressed and stamped return envelope to Defendants at the Olympia Address on July 7, 2020. (Mot. at 2; Bainter Decl. at ¶ 4, Ex. B.) Neither the mail nor the waivers of service were returned to Plaintiff. (Mot. at 2; Bainter Decl. at ¶ 5.) Plaintiff also sent Defendants the instant motion, proposed order, and supporting declarations to the Olympia Address and to jesse@fallingformulations.com, which is the email Plaintiff used to communicate with Defendant Jesse Mertz. (Service Decl. (Dkt. # 9).)

### III.   DISCUSSION

Plaintiff requests that it be authorized to serve Defendants by email, both through regular email and email marked receipt requested, to jesse@fallingformulations.com, and to have a process server post a copy of the Summons and Complaint at the front gate of the Olympia Address. (*See generally* Mot.) Plaintiff asserts alternate service of process is warranted because Defendants are evading service of process by traditional methods. (*Id.* at 2.) In support of its argument, Plaintiff cites *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), in which the court authorized alternative service, including via email, where the plaintiff made multiple good faith yet unsuccessful attempts to serve the defendant and the defendant was

ORDER - 3

evading service of process. 284 F.3d at 1013. Plaintiff argues that because it did business with Defendants through electronic means only, and because Defendants are evading service, service by email should be permitted. (*Id.* at 3-4.)

Although the *Rio* court authorized alternative service via email, that case involved Rule 4(f)(3) which permits service abroad "by other means not prohibited by international agreement, as the court orders." The court interpreted Rule 4(f)(3) to allow service on foreign defendants by email where the defendants were unreachable by other means or had no known physical address. *Rio Properties, Inc.*, 284 F.3d at 1017. The court found that to establish that service of process by email is appropriate in a given case, a plaintiff must show that (1) international agreement does not prohibit service by email; and (2) that service by email is "reasonably calculated to provide actual notice" to the defendant. *Id.* at 1016, 1014.

Here, Plaintiff has not asserted that Defendants are abroad. Rather, Plaintiff provides evidence showing Defendants list their address as being in Washington. Further, Plaintiff has not presented evidence suggesting Defendants have left the state or country. Accordingly, the Court does not rely on Rule 4(f)(3) or *Rio Properties, Inc* in its analysis.

Rule 4(e)(1) allows a plaintiff to effect service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Washington Civil Rule ("CR") 5(b)(1) provides:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service directly upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the party or the party's attorney or by mailing it to the party's or the attorney's at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the party's or the attorney's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it

ORDER - 4

at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

Washington also allows substitute service by mail or constructive service by publication when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search; (2) that the defendant was a resident of Washington; and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process. RCW 4.28.100(2) (requirements for constructive service by publication); CR 4(d)(4) (authorizing substitute service by mail "[i]n circumstances justifying service by publication"); *Charboneau Excavating, Inc. v. Turnipseed,* 118 Wash.App. 358, 362-63 (2003), *review denied,* 151 Wash.2d 1020 (2004). CR 4(d)(4) provides:

> *Alternative to Service by Publication.* In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication.

Plaintiff has presented evidence indicating the Olympia Address is Defendants' last known address, but that Plaintiff's attempts to locate and serve them at this address have failed. Plaintiff also mailed the Summons and Complaint to the Olympia Address and emailed copies of the instant pleadings to Defendants at jesse@fallingformulations.com. None of this correspondence has been returned as undeliverable. However, the Court notes it does not appear from the submitted declarations that Plaintiff mailed a copy of the Summons and Complaint by a form of mail requiring a signed receipt showing when and to whom it was delivered.

ORDER - 5

1    Although the Court recognizes Plaintiff has put forth effort to search for and serve
2    Defendants, it fails to cite authority authorizing service by email and posting a copy of the
3    Summons and Complaint at Defendants' last known address. Accordingly, the Court finds
4    Plaintiff's proposed method of alternative service is not sufficient at this time. However, the
5    Court does find alternative service appropriate in this matter. Plaintiff has set forth facts that
6    Defendants could not be found in Washington after a diligent search, that Defendants are
7    residents of Washington, and that Defendants have failed to respond to Plaintiff's
8    correspondence to both the physical Olympia Address and email address that Defendants hold
9    out to be theirs. Accordingly, the Court orders and authorizes service by mail, pursuant to CR
10   4(d)(4) and the applicable governing rules, and by emailing a copy of the Summons, Complaint,
11   and this Order to Defendants both through regular email and email marked receipt requested at
12   jesse@fallingformulations.com. Plaintiff shall file proof of service with the Court.

13   Plaintiff is required to serve Defendants within 90 days after the complaint is filed. Fed.
14   R. Civ. P. 4(m). However, if a plaintiff shows good cause for its failure to serve, the court must
15   extend the time for service for an appropriate period. *Id*. The deadline to serve Defendants in this
16   matter has elapsed. However, the Court finds Plaintiff's efforts to serve Defendants meet the
17   good cause standard and therefore grants Plaintiff an extension until December 28, 2020 to serve
18   Defendants and file proof of service with the Court.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion (dkt. # 5) is GRANTED, in part, and DENIED, in part.

\\

\\

ORDER - 6

Dated this 16th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7