UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HISTORY DEPARTMENT & CO.,<br><br>Plaintiff,<br><br>v.<br><br>JESSE MERTZ, et al.,<br><br>Defendants. | Case No. C20-5608-RSL<br><br>ORDER REGARDING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on plaintiff's motion for default judgment (Dkt. # 17). Plaintiff filed this action to obtain relief for alleged breach of contract and violation of the Washington State Consumer Protection Act ("WCPA"). Although defendants were served with the summons and complaint on November 18, 2020, Dkt. # 13, they have not responded. Default was entered against them on March 5, 2021. Dkt. # 16.

Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). The defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability, but not allegations as to the amount of damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992). In order to satisfy itself that the relief requested is warranted, the Court has the power to require additional proof of facts, damages, or

ORDER REGARDING MOTION FOR
DEFAULT JUDGMENT - 1

"any other matter." Fed. R. Civ. P. 55(b)(2). And in this district, plaintiff "must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2).

Having reviewed the allegations of the complaint and the memorandum, declaration, and plaintiff's proposed order, the Court finds that additional proof is necessary of the basis for the proposed reasonable attorney's fees and punitive damages associated with the WCPA violation. With respect to the $2,000 in attorney's fees, all plaintiff has offered is that this amount represents five hours of work, but plaintiff has not explained what tasks were performed. As for the $10,000 in punitive damages, plaintiff has offered little in the way of specific allegations for the Court to evaluate the reasonableness of plaintiff's proposed punitive damages. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418–19 (2003) (discussing the factors courts must consider in reviewing punitive damages, including, e.g., "the degree of reprehensibility of the defendant's misconduct"). Plaintiff has not sufficiently explained these sums to the Court's satisfaction.

Plaintiff shall, within 14 days of the date of this Order, submit additional proof to support the requested $2,000 in reasonable attorney's fees and the $10,000 in punitive damages. The Clerk of Court is directed to note a motion for default judgment (Dkt. # 17) on the Court's calendar for Monday, March 29, 2021.

DATED this 15th day of March, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge