UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HISTORY DEPARTMENT & CO., <br><br> Plaintiff, <br><br> v. <br><br> JESSE MERTZ, et al., <br><br> Defendants. | Case No. C20-5608-RSL <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's motion for default judgment (Dkt. # 17). Having reviewed the allegations of the complaint, plaintiff's motion, the supporting materials, and the balance of the record, the Court finds as follows:

Plaintiff filed this action to obtain relief for alleged breach of contract and violation of the Washington State Consumer Protection Act ("WCPA"). Although defendants were served with the summons and complaint on November 18, 2020, Dkt. # 13, they still have not responded. Default was entered against them on March 5, 2021. Dkt. # 16. The default entered established the well-pleaded allegations of the complaint pertaining to liability. Judgment in favor of plaintiffs and against defendants is therefore appropriate.

The Court issued an Order requesting additional proof to support the requested reasonable attorney's fees and punitive damages associated with the WCPA violation. Dkt. # 20. Plaintiff has since offered additional proof of the reasonable attorney's fees. See Dkt. # 21 (describing the tasks performed, the amount of time spent on those tasks, and the applicable

ORDER TO SHOW CAUSE - 1

rates). With respect to punitive damages,[1] plaintiff has also offered additional proof regarding the scope of defendants' actions, namely that at least four other individuals were scammed by defendants' online advertisement and that the site moderator of the website where the advertisement was posted observed that "quite a few more members have paid for units that haven't been delivered." Dkts. # 23, # 23-1. The Court finds the additional proof supplied by plaintiff sufficient to establish entitlement to the amount of attorney's fees and punitive damages requested related to the WCPA violation.

Upon further review of plaintiff's requested principal judgment amount, however, the Court finds that plaintiff appears to have overstated the amount to which it is entitled. Plaintiff requests $106,676.55 for the principal judgment amount. Dkt. # 17-1. This amount derives from two underlying costs: (1) $50,375.00 for the amount plaintiff paid to defendants pursuant to the contract, which defendants breached by failing to deliver the machinery; and (2) $56,301.55, for the cost of the replacement machinery plaintiff purchased to cover for the machinery plaintiff never received from defendants. See Dkts. # 1, # 17-1, # 18, # 22. Plaintiff is not entitled, however, to the entirety of the replacement machinery cost. When a seller breaches a contract for the sale of goods, a buyer is entitled to damages for the difference between the cost of the replacement goods (the "cover") and the contracted price for the original goods, *not* the total cost of the cover. See RCW 62A.2-712 ("The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together."); Mason v. Mortgage America, Inc., 114 Wn.2d 842, 849 (1990) ("Contract damages are ordinarily based on the injured party's expectation interest and are intended to give that party the benefit of the bargain by awarding him or her a sum of money that will, to the extent possible, put the injured party in as good a position as that party would have been in had the contract been performed."). A buyer

---

[1] Although plaintiff and the Court have used the term "punitive" damages, RCW 19.86.090 authorizes "treble" damages for WCPA actions. For the Court's purposes, these terms are synonymous. See, e.g., Langley v. GEICO Gen. Ins. Co., No. 1:14-CV-03069-SMJ, 2016 WL 8849715, at *4–5 (E.D. Wash. Dec. 20, 2016) (referring to treble damages under the WCPA as punitive damages).

ORDER TO SHOW CAUSE - 2

is also entitled to recover "so much of the price as has been paid." RCW 62A.2-711. Here, plaintiff paid the entirety of the contract price, $50,375, and is entitled to that sum plus the difference between the cost of the cover ($56,301.55) and the contract price ($50,375), i.e., $5,926.55. In other words, plaintiff is entitled to $56,301.55 for the principal judgment.

Plaintiff is therefore ORDERED TO SHOW CAUSE why the above-captioned matter should not have default judgment entered against defendants for: $56,301.55 for the principal judgment, $10,000.00 for treble damages pursuant to the WCPA, $2,192.50 for attorney's fees pursuant to the WCPA, and $1,683.00 for attorney's fees related to obtaining an order authorizing alternate service pursuant to Fed. R. Civ. P. 4, for a total judgment in the amount of $70,177.05. The Clerk of Court is directed to place this order to show cause on the Court's calendar for April 16, 2021.

DATED this 2nd day of April, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3