UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HISTORY DEPARTMENT & CO., <br><br> Plaintiff, <br><br> v. <br><br> JESSE MERTZ, et al., <br><br> Defendants. | Case No. C20-5608-RSL <br><br> ORDER REGARDING PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's response to the Court's Order to Show Cause (Dkt. # 25) and plaintiff's filing of a Declaration of Miranda Keenan (Dkt. # 26). Having reviewed the allegations of the complaint, plaintiff's motion for default judgment, plaintiff's response to the Court's Order, and the balance of the record, the Court finds as follows:

Plaintiff filed this action to obtain relief for alleged breach of contract and violation of the Washington State Consumer Protection Act ("WCPA"). Although defendants were served with the summons and complaint on November 18, 2020, Dkt. # 13, they still have not responded. Default was entered against them on March 5, 2021. Dkt. # 16. The Court issued an Order to Show Cause because it appeared that plaintiff overstated the principal judgment amount of $106,676.55. Dkt. # 24 at 2–3.

In reviewing plaintiff's response to the Court's Order to Show Cause, the Court agrees that plaintiff "is entitled to the benefit of [the] bargain," Dkt. # 25 at 2, but plaintiff provides only the following vague explanation of how that principle applies here:

ORDER REGARDING PLAINTIFF'S RESPONSE
TO COURT'S ORDER TO SHOW CAUSE - 1

> Here the plaintiff had an expected profit from the entire transaction. Had Mertz not breached, plaintiff would have had a profit and not a loss. Plaintiff is entitled to the benefit of its bargain. Had plaintiff been able to obtain replacement equipment at a higher price, it would have been entitled to that price plus the profits.

Dkt. # 25 at 2. In other words, plaintiff appears to be claiming in its response that lost profits are part of the requested principal judgment amount. "Lost profits are properly recoverable as damages where (1) they are within the contemplation of the parties at the time the contract was made, (2) they are the proximate cause of defendant's breach, and (3) they are proven with reasonable certainty." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 710 (9th Cir. 1990) (quoting Larsen v. Walton Plywood Co., 65 Wn.2d 1, 15, modified, 65 Wn.2d 1 (1964)). Plaintiff filed a Declaration of Miranda Keenan, plaintiff's principal, regarding the damages at issue, but her statement that profit "dropped from $60,000 to a net loss of about $3,000" fails to provide any detail on how these figures were calculated. Dkt. # 26 at 2, ¶ 5.1 Moreover, Ms. Keenan states that $106,676.55 is her "out-of-pocket cost for the machines," Dkt. # 26 at 3, ¶ 7, which is consistent with her previous declaration, Dkt. # 18 at 2, ¶¶ 4–5, but this statement also indicates that the $60,000 figure was not used in plaintiff's calculation of the $106,676.55 principal judgment amount. It is altogether unclear how the out-of-pocket cost for both machines would be equivalent to the benefit of the bargain.

Plaintiff's evidence is inadequate for purposes of entering a default judgment in the requested amount against defendants. See, e.g., Beck v. Pike, No. C16-0001JLR, 2017 WL 530354, at *4 (W.D. Wash. Feb. 9, 2017) (concluding that evidence of damages was inadequate where plaintiff failed to provide an explanation or methodology for the amount of money he lost as a result of defendant's breach); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)) ("Without a concrete method for determining provable damages, a monetary award is not supportable."). Plaintiff has thus far failed to properly substantiate its damages as the Federal Rules of Civil Procedure and this Court's Local Civil Rules require. Fed. R. Civ. P. 55; LCR 55(b)(2)(A). Plaintiff shall, within 30 days of the date of this Order, submit additional proof to

support the requested $106,676.55 principal judgment amount. The Clerk of Court is directed to note a motion for default judgment (Dkt. # 17) on the Court's calendar for July 6, 2021.

DATED this 3rd day of June, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S RESPONSE
TO COURT'S ORDER TO SHOW CAUSE - 3