UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HISTORY DEPARTMENT & CO.,<br><br>    Plaintiff,<br><br>    v.<br><br>JESSE MERTZ, et al.,<br><br>    Defendants. | Case No. C20-5608-RSL<br><br>ORDER DENYING MOTION<br>FOR DEFAULT JUDGMENT |

This matter comes before the Court following plaintiff's filing of the "Declaration of Miranda Keenan in Response to Show Cause," Dkt. # 28, in support of plaintiff's motion for default judgment, Dkt. # 17. This most recent declaration is plaintiff's only response to the Court's last Order, which concerned plaintiff's deficient support for its motion for default judgment. Dkt. # 27. Having reviewed the allegations of the complaint, plaintiff's motion for default judgment, plaintiff's responses to the Court's Orders, and the balance of the record, the Court finds as follows:

As stated in the Court's last Order, plaintiff filed this action to obtain relief for alleged breach of contract and violation of the Washington State Consumer Protection Act ("WCPA"). Although defendants were served with the summons and complaint on November 18, 2020, Dkt. # 13, they still have not responded. Default was entered against them on March 5, 2021. Dkt. # 16. The Court issued an Order to Show Cause because it appeared that plaintiff overstated the principal judgment amount of $106,676.55. Dkt. # 24 at 2–3.

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT - 1

When the Court reviewed plaintiff's response to the Court's Order to Show Cause, the Court agreed conceptually that plaintiff "is entitled to the benefit of [the] bargain," Dkt. # 25 at 2, but plaintiff provided only the following vague explanation of how that principle applies:

> Here the plaintiff had an expected profit from the entire transaction. Had Mertz not breached, plaintiff would have had a profit and not a loss. Plaintiff is entitled to the benefit of its bargain. Had plaintiff been able to obtain replacement equipment at a higher price, it would have been entitled to that price plus the profits.

Dkt. # 25 at 2. In other words, plaintiff appeared to be claiming in its response that lost profits are part of the requested principal judgment amount. "Lost profits are properly recoverable as damages where (1) they are within the contemplation of the parties at the time the contract was made, (2) they are the proximate cause of defendant's breach, and (3) they are proven with reasonable certainty." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 710 (9th Cir. 1990) (quoting Larsen v. Walton Plywood Co., 65 Wn.2d 1, 15, modified, 65 Wn.2d 1 (1964)). Plaintiff filed a Declaration of Miranda Keenan, plaintiff's principal, regarding the damages at issue, but her statement that profit "dropped from $60,000 to a net loss of about $3,000" failed to provide any detail on how these figures were calculated. Dkt. # 26 at 2, ¶ 5.1 Moreover, Ms. Keenan stated that $106,676.55 is her "out-of-pocket cost for the machines," Dkt. # 26 at 3, ¶ 7, which is consistent with her previous declaration, Dkt. # 18 at 2, ¶¶ 4–5, but this statement also suggested that the $60,000 figure was not used in plaintiff's calculation of the $106,676.55 principal judgment amount. Because it was altogether unclear how the out-of-pocket cost for both machines would be equivalent to the benefit of the bargain, and plaintiff's evidence was consequently inadequate for purposes of entering a default judgment in the requested amount against defendants, the Court afforded plaintiff yet another opportunity to properly substantiate its damages as the Federal Rules of Civil Procedure and this Court's Local Civil Rules require. Fed. R. Civ. P. 55; LCR 55(b)(2)(A); see generally Dkt. # 27.

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT - 2

The most recent declaration of Ms. Keenan, Dkt. # 28, still fails to properly substantiate the damages requested.[1] Plaintiff seeks a principal judgment amount of $106,676.55 Dkt. # 17-1; Dkt. # 18 at 2, ¶ 6; Dkt. # 26 at 3, ¶ 7. Ms. Keenan's most recent declaration does not even refer to the $106,676.55 amount. See Dkt. # 28. Ms. Keenan reiterates her assertion that her profit would have been $60,000, had the contract not been breached. Dkt. # 28 at 2, ¶ 4. And plaintiff claims that she had to "use personal money to buy $50,000 inferior equipment to cover." Id. In other words, Ms. Keenan would seem to be claiming that plaintiff is due $110,000 for the principal judgment (the alleged $60,000 in lost profits, and $50,000 in cover).

There are a variety of issues with Ms. Keenan's latest declaration, at least two of which are significant. First, the $110,000 amount suggested by the declaration, id., differs from the $106,676.55 amount listed in the motion for default judgment. Second, Ms. Keenan fails to adequately explain how she arrived at the conclusion that her profit would have been $60,000. None of the quotes, emails, or invoices reference $60,000.[2] This declaration is insufficient to establish the amount owed. Plaintiff's evidence is inadequate for purposes of entering a default judgment in the requested amount against defendants. See, e.g., Beck v. Pike, No. C16-0001JLR, 2017 WL 530354, at *4 (W.D. Wash. Feb. 9, 2017) (concluding that evidence of damages was inadequate where plaintiff failed to provide an explanation or methodology for the amount of money he lost as a result of defendant's breach); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)) ("Without a concrete method for determining provable damages, a monetary award is not supportable."). Therefore, the Court must deny plaintiff's motion for default judgment. See, e.g., Hannon v. Versteeg, No. 2:20-CV-00136-RAJ, 2021 WL 603296, at *2 (W.D. Wash. Jan. 13, 2021) (holding the Court must deny a motion for default judgment

---

[1] Additionally, Miranda Keenan's electronic signature is misspelled as "Mirandd Keenan." The Court assumes, arguendo, that the signature is valid.

[2] For example, it is altogether unclear how the original project quote of $149,850, id. at 1, 3, fits into plaintiff's calculation of damages.

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT - 3

where the declaration is insufficient to establish the amount owed). Given that the principal judgment amount remains insufficiently substantiated, the Court also cannot fully evaluate the appropriateness of the punitive damages requested pursuant to the WCPA. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 409 (2003) ("Thus, this Court has instructed courts reviewing punitive damages to consider (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.").

      For all of the foregoing reasons, plaintiff's motion for default judgment (Dkt. # 17) is DENIED without prejudice to a renewed motion for default judgment that addresses the concerns the Court raised in this Order.

      DATED this 25th day of October, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT - 4